IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ABDUR-RASHID MUHAMMAD,<br><br>Plaintiff,<br><br>vs.<br><br>SCOTT FRAKES, MICHELE WILHELM, and THE STATE OF NEBRASKA,<br><br>Defendants. | 4:21CV3096<br><br>**MEMORANDUM AND ORDER** |

Plaintiff, a prisoner at the Nebraska State Penitentiary, filed his Complaint on May 10, 2021, and was granted leave to proceed in forma pauperis. Now that Plaintiff has paid the required initial partial filing fee, the court will conduct an initial review of Plaintiff's Complaint (Filing 1) to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. STANDARDS ON INITIAL REVIEW

The court is required to conduct an initial review of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C.A. § 1915A(a). On such initial review, the court must dismiss the complaint if it: "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C.A. § 1915A(b). *See also* 28 U.S.C. § 1915(e)(2)(B) (requiring dismissal of in forma pauperis complaints "at any time" on the same grounds as § 1915A(b)).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins*

*v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004).

## II. SUMMARY OF COMPLAINT

Plaintiff complains that his notice of appeal from the denial of a motion for postconviction relief, which was placed in the prison mailbox system on April 8, 2013, eight days before the appeal deadline, was dismissed as untimely.[1] Plaintiff sues the Director of the Nebraska Department of Correctional Services ("NDCS"), the Warden of the Nebraska State Penitentiary ("NSP"), and the State of Nebraska, claiming they violated "Article I, Sec. 13 of the Nebraska Constitution 'open courts clause' & Const. Amend. 5, 14." (Filing 1, p. 5.) Plaintiff alleges he was denied access to the courts, and his right to appeal the denial of postconviction relief, "because of the negligence of the Nebraska State Penitentiary for holding/losing my legal mail." (Filing 1, p. 6.) He seeks an award of damages.

---

[1] Nebraska has declined to adopt the "prison mailbox rule." *See State v. Smith*, 834 N.W.2d 799 (Neb. 2013). Plaintiff alleges that "through counsel, … I only recently learned that my notice of appeal … was dismissed as untimely filed." (Filing 1, p. 6.)

## III. DISCUSSION

Liberally construing the allegations of Plaintiff's Complaint, this is a civil rights action brought under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The Constitution guarantees prisoners a right to access the courts. *White v. Kautzky*, 494 F.3d 677, 679 (8th Cir. 2007); *see Murray v. Giarratano,* 492 U.S. 1, 11 n. 6 (1989) ("The prisoner's right of access has been described as a consequence of the right to due process of law and as an aspect of equal protection." (internal citations omitted)). A delay in mailing legal papers can amount to a constitutional violation when it infringes a prisoner's right of access to the courts. *Beers v. Hopkins*, No. 8:98CV470, 2002 WL 412122, at *3 (D. Neb. Mar. 18, 2002) (citing *Cody v. Weber,* 256 F.3d 764, 768 (8th Cir. 2002)).

However, the State of Nebraska is not a "person" under § 1983 and is immune from suit for damages in federal court under the Eleventh Amendment. *Frazier v. Nebraska*, No. 8:20CV520, 2021 WL 463432, at *2 (D. Neb. Feb. 9, 2021). Plaintiff does not specify that Director Frakes and Warden Wilhelm are sued personally, so it is presumed they are sued only in their official capacities. *See Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007). "Because section 1983 liability exposes public servants to civil liability and damages, [the Eighth Circuit] ha[s] held that only an express statement that they are being sued in their individual capacity will suffice to give proper notice to the defendants. Absent such an express statement, the suit is construed as being against the defendants in their official capacity. A suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) (internal citations omitted); *see Baker*, 501 F.3d at 923 ("A suit against government officials in their official capacities is another way of pleading an action against the entity of which they are agents.").

Plaintiff also claims the defendants violated his rights under the Nebraska Constitution. Even assuming a right of action exists under Neb. Rev. Stat. § 20-148 (permitting suit against persons for deprivation of constitutional rights), the court does not have original jurisdiction over this claim under 28 U.S.C. § 1332 because Plaintiff is a Nebraska citizen. (See Filing 1, p. 5.) This state-law claim can only be heard by this court exercising supplemental jurisdiction under 28 U.S.C. § 1367,[2] but that requires a viable § 1983 claim, over which the court has original jurisdiction under 28 U.S.C. § 1331. As explained above, Plaintiff's Complaint does not allege a viable § 1983 claim.

While Director Frakes and Warden Wilhelm would not be immune from suit in their individual capacities, they cannot be held liable under § 1983 unless they were personally involved in or had direct responsibility for the delayed mailing of Plaintiff's notice of appeal. *See Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985). "It is well settled that § 1983 does not impose respondeat superior liability." *Hughes v. Stottlemyre*, 454 F.3d 791, 798 (8th Cir. 2006); *see Iqbal*, 556 U.S., at 676 (because there is no vicarious liability in § 1983 actions, a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). Furthermore, "liability for *negligently* inflicted harm is categorically beneath the threshold of constitutional due process." *County of Sacramento v. Lewis,* 523 U.S. 833, 849 (1998) (emphasis added).

## IV. CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief may be granted and is subject to preservice dismissal under 28 U.S.C. §§ 1915(e)(2) and 1915A. Out of an abundance of caution, however, the court on its own motion will give Plaintiff 30 days in which to file an amended complaint.

---

[2] "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. 28 U.S.C.A. § 1367(a) (Westlaw 2021).

IT IS THEREFORE ORDERED:

1. Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

2. Failure to consolidate all claims into <u>one document</u> may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

3. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e) and 1915A in the event he files an amended complaint.

4. The Clerk of the Court is directed to set this pro se case management deadline: **August 2, 2021**—amended complaint due.

5. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

Dated this 2nd day of July 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge