IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ABDUR-RASHID MUHAMMAD,<br><br>Plaintiff,<br><br>vs.<br><br>SCOTT FRAKES, MICHELE WILHELM, and THE STATE OF NEBRASKA,<br><br>Defendants. | 4:21CV3096<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on Plaintiff's motion to appoint counsel (Filing No. 3). For the reasons stated below, the motion will be denied without prejudice to reassertion.

There is no constitutional or statutory right to appointed counsel in a civil case. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013) (per curiam). A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011). "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." *Recca v. Omaha Police Dep't*, No. 20-2560, __ Fed. App'x __, 2021 WL 2285235, at *1 (8th Cir. 2021) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)).

This is not a complex case, either legally or factually. Plaintiff's pleading is coherent and shows he has a basic understanding of applicable law and procedure. This case is still at the pleading stage, so there has been no discovery and no need for testimony. As a prisoner, Plaintiff understandably faces challenges representing himself, but "most indigent prisoners will face similar challenges." *See Recca*, 2021 WL 2285235, at *2 (citing *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018)).

IT IS THEREFORE ORDERED that Plaintiff's motion to appoint counsel (Filing No. 3) is denied without prejudice to reassertion.

Dated this 6th day of July 2021.

BY THE COURT:

*Richard G. Kopf*
Richard G. Kopf
Senior United States District Judge