IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ABDUR-RASHID MUHAMMAD,<br><br>            Plaintiff,<br><br>vs.<br><br>SCOTT FRAKES, et al.,<br><br>            Defendants. | 4:21CV3096<br><br>**MEMORANDUM<br>AND ORDER** |

      Plaintiff, a prisoner at the Nebraska State Penitentiary, commenced this action on May 10, 2021, and subsequently was granted leave to proceed in forma pauperis. The court conducted an initial review of Plaintiff's Complaint (Filing 1) pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, and in a Memorandum and Order (Filing 8) entered on July 2, 2021, determined that the Complaint fails to state a claim upon which relief may be granted. The court sua sponte gave Plaintiff leave to amend, which was accomplished in a timely manner on July 28, 2021. The court will now conduct an initial review of Plaintiff's Amended Complaint (Filing 12).

## I. STANDARDS ON INITIAL REVIEW

      The court is required to conduct an initial review of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C.A. § 1915A(a). On such initial review, the court must dismiss the complaint if it: "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C.A. § 1915A(b). *See also* 28 U.S.C. § 1915(e)(2)(B) (requiring dismissal of in forma pauperis complaints "at any time" on the same grounds as § 1915A(b)).

      "The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds

for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004).

## II. SUMMARY OF COMPLAINT

Plaintiff complains his self-prepared notice of appeal from the denial of a motion for postconviction relief, which was placed in the prison mailbox system on April 8, 2013, eight days before the appeal deadline, was dismissed as untimely.[1] Plaintiff sues seven defendants in their individual capacities: (1) Scott R. Frakes, Director of the Nebraska Department of Correctional Services ("NDCS"); (2) Robert R. Houston, who was the NDCS Director in 2013; (3) Michele Wilhelm, Warden of the Nebraska State Penitentiary ("NSP"); (4) Diane Sabatka-Rine, who was the NSP Warden in 2013; (5) Scott Isherwood, Plaintiff's unit manager at NSP in 2013; (6) John Doe 1-2, an unknown mailroom employee at NSP; and (7) Jane Doe 1-2, another unknown mailroom employee at NSP.

---

[1] Nebraska has declined to adopt the "prison mailbox rule." *See State v. Smith*, 834 N.W.2d 799 (Neb. 2013). Plaintiff alleges he did not discover the reason for the untimely filing until November 13, 2017, when speaking with his attorney. (Filing 12, pp. 4-5.)

2

Plaintiff claims Defendants violated the Fifth and Fourteenth Amendments of the United States Constitution,[2] as well as the Nebraska Constitution's "Open Courts Clause," Article I, Section 13. (Filing 12, p. 4.) He seeks an award of damages.

### III. DISCUSSION

Liberally construing the allegations of Plaintiff's Complaint, this is a civil rights action brought under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The United States Constitution guarantees prisoners a right to access the courts. *White v. Kautzky*, 494 F.3d 677, 679 (8th Cir. 2007). A delay in mailing legal papers can amount to a constitutional violation when it infringes a prisoner's right of access to the courts. *Beers v. Hopkins*, No. 8:98CV470, 2002 WL 412122, at *3 (D. Neb. Mar. 18, 2002) (citing *Cody v. Weber,* 256 F.3d 764, 768 (8th Cir. 2002)).

> The right to access the courts emanates from several constitutional provisions, including the First Amendment right to petition the government for a redress of grievances and the Fourteenth Amendment right to due process of law. In cases drawing upon the First Amendment, the plaintiff "must show that the defendants acted with some intentional motivation to restrict their access to the courts." [*Scheeler v. City of St. Cloud,* 402 F.3d 826, 830 (8th Cir. 2005).] In contrast, a plaintiff alleging a violation of the Fourteenth Amendment need only show that the government official's conduct was so egregious that it shocks the conscience. *Wilson v. Lawrence Cnty.,* 260 F.3d 946, 956 (8th Cir. 2001). In the context of denial-of-access claims, an official meets this standard if his actions were subjectively reckless, *id.* at 957 & n. 9, meaning he exhibited deliberate indifference toward the individual's rights. *Scheeler,* 402 F.3d at 831.

---

[2] The Fifth Amendment's Due Process Clause applies only to the federal government or federal actions. *Barnes v. City of Omaha*, 574 F.3d 1003, 1006 n. 2 (8th Cir. 2009).

*West v. Brankel*, No. 13-3237-CV-S-DGK, 2015 WL 225465, at *10 (W.D. Mo. Jan. 16, 2015).

Even assuming that the "deliberate indifference" standard applies in this case, Plaintiff's allegations fail to show that any Defendant violated his constitutional rights. Indeed, Plaintiff specifically alleges his theory of the case is that he was denied access to the courts "because of the negligence of the Defendant's [sic] for the losing/holding of the Plaintiff's legal mail, that contained the Plaintiff's 'Notice Of Appeal' in it." (Filing 12, p. 8.) Negligence is never enough to show that a defendant's behavior was conscience shocking. *Braun v. Burke*, 983 F.3d 999 (8th Cir. 2020).

### A. Scott Isherwood

Plaintiff alleges his signatures on the notice of appeal and other documents were notarized by his unit manager, Scott Isherwood, on April 8, 2013. (Filing 12, p. 4.) Plaintiff complains Isherwood refused to attest to this fact for purposes of litigation, but does not charge that Isherwood had any personal involvement in or direct responsibility for the delayed mailing. (Filing 12, p. 5.) For a claim to be cognizable under § 1983, a plaintiff must allege that the defendant "was personally involved in or had direct responsibility for incidents that injured him." *Martin v. Sargent,* 780 F.2d 1334, 1338 (8th Cir. 1985).

### B. Mailroom Employees

Plaintiff alleges unknown mailroom employees breached their "duty to notify the Plaintiff about his legal mail being lost/held up." (Filing 12, p. 5.) At best, this is a simple negligence claim.

### C. Diane Sabatka-Rine

Plaintiff alleges Warden Sabatka-Rine "had first[-]hand knowledge of the Policy and Procedures pursuant to NDCS AR's and OM's # 205.01 and 205.001.101 for Inmate Mail," which "don't hold that the Mail Room is allowed to hold any Inmate[']s legal mail in the mail room, nor does it state that the mail room will not

4

notify an Inmate if his legal mail is lost/held in the mail room." (Filing 12, p. 6.) Even if prison policies and procedures were not followed in this instance, the warden cannot be held vicariously liable under § 1983. "[A] warden's general responsibility for supervising the operations of a prison is insufficient to establish personal involvement." *Dahl v. Weber*, 580 F.3d 730, 733 (8th Cir. 2009) (quoting *Ouzts v. Cummins,* 825 F.2d 1276, 1277 (8th Cir. 1987)). Prison supervisors cannot be held liable under § 1983 on a theory of respondeat superior. *Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010).

### D. Robert Houston

Plaintiff similarly alleges that Director Houston was aware of the mailroom policies and procedures, and that he had a "duty to oversee that all inmates held in the Nebraska Department of Corrections have all there [sic] Constitutional Right's [sic] upheld by all employees …." (Filing 12, p. 6.) To repeat, "it is well settled that § 1983 does not impose respondeat superior liability." *Crawford v. Davis*, 109 F.3d 1281, 1284 (8th Cir. 1997) (citing *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691 (1978)); *see Iqbal*, 556 U.S., at 676 (because there is no vicarious liability in § 1983 actions, a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

### E. Michele Wilhelm

Plaintiff alleges Warden Wilhelm did not respond to a grievance form he submitted on September 17, 2018, and thereby "failed in [her] duty to provide an answer as to why the Plaintiff's legal mail was lost/held for 8 days before it was mailed off from the Nebraska State Penitentiary." (Filing 12, pp. 6-7, 23) While the lack of a response to Plaintiff's grievance may be relevant to the issue of whether his administrative remedies were exhausted, it has nothing to do with the claimed denial of Plaintiff's right of access to the courts, nor does it provide the basis for a separate constitutional claim.

The Constitution does not require prison officials to furnish any response to prisoner grievances. *Vann v. Smith*, No. 13-CV-1316 SRN/JSM, 2013 WL 5676287, at *7 (D. Minn. Oct. 18, 2013) (citing *Buckley v. Barlow,* 997 F.2d 494, 495 (8th

5

Cir. 1993) (prisoner's "complaint failed to state a claim because no constitutional right was violated by the defendants' failure, if any, to process all of the grievances he submitted for consideration")); *see also McGrone v. Boyd*, No. 8:18CV233, 2019 WL 2583841, at *3 (D. Neb. June 24, 2019) ("Plaintiff's allegations regarding the mishandling of and inadequate responses to his inmate grievances fail to state a claim for relief under § 1983.").

F. Scott Frakes

Plaintiff alleges that Director Frakes had knowledge of the mailroom policies and procedures, and that he failed to respond to Plaintiff's September 26, 2018 "Step Two" grievances concerning the reason for the delayed mailing. (Filing 12, pp. 7, 36-39.) For the reasons previously stated with reference to claims made against Director Houston and Wardens Sabatka-Rine and Wilhelm, Plaintiff's allegations are insufficient as a matter of law.

### IV. CONCLUSION

Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

Without a viable federal question to decide, the court will not exercise its supplemental jurisdiction in this case. *See* 28 U.S.C. § 1367(c)(3) (providing that when a district court has disposed of all federal claims that conferred original jurisdiction under 28 U.S.C. § 1331, it may decline to exercise supplemental jurisdiction over remaining state-law claims).

Plaintiff will not be given further leave to amend because he failed to correct the pleading deficiencies that were pointed out in the court's Memorandum and Order on initial review of his original Complaint, particularly the need to plead (1) more than negligence and (2) each Defendant's personal involvement in or direct responsibility for the alleged violation of Plaintiff's rights. *See Williams v. Dep't of Corrs.,* 208 F.3d 681, 682 (8th Cir. 2000) (explaining "sua sponte dismissal [is] appropriate ... where [it is] 'patently obvious' that [the] plaintiff cannot prevail on alleged facts, and [an] opportunity to amend would be futile." (citation omitted)).

IT IS THEREFORE ORDERED:

1. This action is dismissed without prejudice.

2. Judgment shall be entered by separate document.

Dated this 20th day of September 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge