IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ABDUR-RASHID MUHAMMAD,<br><br>Plaintiff,<br><br>vs.<br><br>SCOTT FRAKES, et al.,<br><br>Defendants. | 4:21CV3096<br><br><br>**MEMORANDUM<br>AND ORDER** |

    On September 20, 2021, the court entered a judgment of dismissal without prejudice after finding that Plaintiff's Amended Complaint (Filing 12) fails to state a claim upon which relief may be granted, and that amendment would be futile. (See Filings 13, 14.) On October 14, 2021, Plaintiff filed a motion for reconsideration and for leave to amend. (Filing 15.) The motion will be denied in all respects.

> [I]t is well-settled that plaintiffs "remain free where dismissal orders do not grant leave to amend to seek vacation of the judgment under Rules 59 and 60[b] and offer an amended complaint in place of the dismissed complaint." *Quartana* [*v. Utterback,* 789 F.2d 1297, 1300 (8th Cir. 1986)]. But it is also well-settled that "district courts in this circuit have considerable discretion to deny a [timely] post judgment motion for leave to amend because such motions are disfavored, but may not ignore the Rule 15(a)(2) considerations that favor affording parties an opportunity to test their claims on the merits." *United States ex rel. Roop v. Hypoguard USA, Inc.,* 559 F.3d 818, 823-24 (8th Cir. 2009). Leave to amend will be granted if it is consistent with the stringent standards governing the grant of Rule 59(e) and Rule 60(b) relief. *See Dorn v. State Bank of Stella,* 767 F.2d 442, 443-44 (8th Cir. 1985); *Acevedo-Villalobos v. Hernandez,* 22 F.3d 384, 389 (1st Cir.), *cert. denied,* 513 U.S. 1015, 115 S.Ct. 574, 130 L.Ed.2d 490 (1994).

*United States v. Mask of Ka-Nefer-Nefer*, 752 F.3d 737, 742-43 (8th Cir. 2014).

    Because Plaintiff has not indicated which provision of the Federal Rules of Civil Procedure he is relying upon in making the motion for reconsideration, it may be treated either as a Rule 59(e) motion to alter or amend judgment or as a Rule

60(b) motion for relief from judgment. *See Sanders v. Clemco Indus.*, 862 F.2d 161, 168 (8th Cir. 1988). But whichever rule is applied, the motion fails.

Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence. *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006). Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment. *Id.*

Under Rule 60(b), a court may grant a party relief from a judgment for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Relief under the catchall provision, Rule 60(b)(6), is available only in "extraordinary circumstances." *Buck v. Davis*, 137 S. Ct. 759, 777-78 (2017) (quoting *Gonzalez v. Crosby*, 545 U.S. 524 (2005)).

Upon consideration of Plaintiff's motion, the court concludes Plaintiff has not demonstrated any legitimate reason for altering, amending, or otherwise obtaining any relief from the court's judgment of dismissal without prejudice. He has not shown that the dismissal was the result of manifest error of law or fact, nor has he presented any "extraordinary circumstances" justifying relief.

As the court has previously explained, the reason the Amended Complaint was dismissed, and Plaintiff was not granted further leave to amend, is that he "failed to correct the pleading deficiencies that were pointed out in the court's Memorandum and Order on initial review of his original Complaint, particularly the need to plead (1) more than negligence and (2) each Defendant's personal involvement in or direct

responsibility for the alleged violation of Plaintiff's rights." (Filing 13 at 6.) *See, e.g.*, *Frazier v. City of Omaha Police Dep't*, No. 8:18CV539, 2019 WL 11680200, at *2 (D. Neb. Apr. 23, 2019) (dismissing case because pro se plaintiff "failed to follow the court's order to file an amended complaint consistent with the court's clear directions in its previous Memorandum and Order") *aff'd*, No. 19-2069, 2019 WL 11717127 (8th Cir. Sept. 27, 2019), *cert. denied*, 140 S. Ct. 2527 (2020); *Slangal v. Getzin*, 148 F.R.D. 691, 700 (D. Neb. 1993) (adopting magistrate judge's recommendation that amended complaint be dismissed where pro se plaintiff "received full notice of the insufficiency of his original complaint and received a meaningful opportunity to respond through an invitation to file an amended complaint in order to remedy the noted failings," but failed to do so); *Tyler v. City of Omaha*, 780 F. Supp. 1266, 1275 (D. Neb. 1991) (magistrate judge's order recommending dismissal of pro se amended complaint that did not remedy failings noted in order on initial review of original complaint), *remanded without opinion*, 953 F.2d 648 (8th Cir. 1991) (Table).

Plaintiff argues that numerous closures of the prison library due to staffing issues prevented him from drafting an Amended Complaint that could pass initial review under 28 U.S.C. §§ 1915(e)(2) and 1915A, but this is a flimsy, makeweight excuse. The court originally granted Plaintiff 30 days to file a Second Amended Complaint, until August 2, 2021 (see Filing 8), but on Plaintiff's motion (Filing 10), granted him a 30-day extension, until September 1, 2021. (See Filing 11.) Plaintiff did not take advantage of this extension of time, however, as the court received the Second Amended Complaint on July 28, 2021.[1] Thus, Plaintiff has failed to establish sufficient grounds for setting aside the court's judgment under Rule 59(e) or Rule 60(b), and the court finds that justice does not require that Plaintiff be allowed to file a Second Amended Complaint. *See* Fed. R. Civ. P. 15(a)(2).

In addition, the court's local rules provide that "[a] party who moves for leave to amend a pleading … must file as an attachment to the motion an unsigned copy of the proposed amended pleading that clearly identifies the proposed amendments,"

---

[1] The Second Amended Complaint was signed on July 25, 2021. There is no indication as to when it was placed in the prison mailbox system., but the mailing envelope is postmarked July 26, 2021 (one full week before the original filing deadline). The court's order granting Plaintiff a 30-day extension was entered and mailed to Plaintiff on Tuesday, July 20, 2021.

and "[t]he motion must … specifically state the proposed amendments …." NECivR 15.1(a). And when, as here, the motion raises a substantial issue of law, it must be supported by a separately filed brief. *See* NECivR 7.1(a)(1)(A); *see also* NECivR 7.1(a)(1)(B) ("If the court concludes that a motion raises a substantial issue of law, ... it may treat the failure to file a brief as an abandonment of the motion."); *Carter v. Muldoon*, No. 8:17CV319, 2018 WL 4775439, at *1 (D. Neb. Oct. 3, 2018) (denying pro se plaintiff's motion to amend pleadings for noncompliance with local rules, including failure to file a supporting brief). *Raysean Barber v. Scott Frakes, et al.*, No. 8:21CV285, 2021 WL 4748688, at *2 (D. Neb. Oct. 12, 2021) (same). Although Plaintiff is proceeding pro se, he is "bound by and must comply with all local and federal procedural rules." NEGenR 1.3(g). Plaintiff, ignoring the court's local rules, has simply submitted a 17-page Second Amended Complaint without specifically identifying the proposed amendments or explaining how the Second Amended Complaint—in contrast to his two previous pleadings—states a plausible claim for relief against each Defendant. The Second Amended Complaint therefore will be stricken from the court file and the court will not set aside the judgment or undertake an initial review of the Second Amended Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A.

IT IS ORDERED:

1. Plaintiff's motion for reconsideration and for leave to amend (Filing 15) is denied in all respects.

2. Plaintiff's Second Amended Complaint (Filing 12) is stricken from the court file as an unauthorized filing.

Dated this 18th day of October 2021.

BY THE COURT:

*Richard G. Kopf*
Richard G. Kopf
Senior United States District Judge